## Hagen's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the following extracts from the adjudication of

HENDERSON, J., Auditing Judge.—Testator also gave legacies to Dorothy Ann Harrison which will be more particularly discussed in a subsequent part of this adjudication.

The provisions of the residuary estate need not be recited inasmuch as there is no balance for the residuary legatees.

By the third clause of the testator's will, which is dated March 31, 1931, he provided, inter alia, as follows:

"Third: I give and bequeath the following legacies: To Dorothy Ann Harrison Three thousand ($3000.) Dollars. To my executors hereinafter named, the sum of Ten thousand ($10,000.) Dollars, In Trust, to hold and invest the same and pay over the net income thereof to Dorothy Ann Harrison during the term of her life and at her death the principal of said trust estate to be paid over to The Baptist Home of Philadelphia as part of the 'Isabella W. Hagen Fund' created by this Will."

By a codicil bearing even date with the will, that is March 13, 1931, he provided as follows:

"I, James F. Hagen, make this Codicil to my last will and testament, bearing even date herewith. First: I revoke the bequest to Dorothy Ann Harrison

contained in the third clause of my will and direct that the amount of said legacy shall at my death be paid to the Baptist Home of Philadelphia, as part of the fund mentioned in said clause of my will."

By a fourth codicil dated September 24, 1931, he further provided as follows: "I, James F. Hagen, of Philadelphia make this further Codicil to my last will and testament dated March 13, 1931.

First: Amplifying the first clause of my Codicil dated March 13, 1931, I revoke all bequests to Dorothy Ann Harrison contained in said will and also revoke the bequest at her death of the sum of Ten Thousand Dollars to the Baptist Home of Philadelphia, contained in the third clause of said will . . . ."

Briefly, to summarize these provisions we find under the third clause of the will a bequest to Dorothy Harrison of $3,000 and a further provision of $10,000 in trust, the income to her for life and at *her* death the corpus to the Baptist Home.

By codicil 1 he revoked the bequest in the third clause to Dorothy Ann Harrison and provided that at "my" death the amount of said legacy be paid to the Baptist Home.

It will be observed that the word "bequest" is in the singular whereas there are two provisions in this clause for Dorothy Ann Harrison. I am of opinion that he intended to give the $10,000 trust fund which would have passed to the home upon the death of Dorothy Ann Harrison to the Baptist Home at the time of *his* death, because he uses the words "my death". In other words, he has described the gift as if he had accelerated the remainder by eliminating the life estate. Such interpretation would leave unrevoked at that point the bequest of $3,000 in favor of Dorothy Ann Harrison.

By codicil 4 he evidently realized that the wording of the codicil was not clear, so he set out to amplify what he had done in codicil number 1, and now he revokes all bequests to Dorothy Ann Harrison and this would include both the $3,000 and the life interest in the $10,000 fund, and he also revokes the bequest at her death of $10,000 to the Baptist Home.

At no time was the testator dealing with two sums of $10,000. He first gave this sum for life to Dorothy Ann Harrison and at her death to the Baptist Home; he then revoked the life estate to her and, there being no reason to postpone the payment of the corpus to the home, directed it should be paid at his death. Then in the fourth codicil he revokes all bequests to her and also the $10,000 bequest to the home at her death. The fund in each instance is the same, however awkwardly expressed.

His language might have been clearer and free from doubt, but I am of the opinion that a reasonable construction is that which I have set forth above.

I have reached the conclusion that the provisions in the third clause of the will in favor of Dorothy Ann Harrison and the Baptist Home are revoked by the first and fourth codicils.

*Bertram Bennett,* of *Jenkins & Bennett,* for exceptant.

*Wm. Henry Snyder, W. LeRoy McKinley* and *James F. Boylan,* contra.

VAN DUSEN, J., June 29, 1933.—The first codicil is ambiguous, as it revokes a "bequest" or "legacy" in the third clause of his will, and there are two bequests in that clause which might be referred to. But testator's fourth codicil states that he is "amplifying" the first codicil thereby, that is to say, explaining and enlarging it. The first codicil is being superseded. So read there is no difficulty, for the fourth codicil clearly revokes all the bequests in the third clause of the will which might be in question.

The exceptions are dismissed and the adjudication is confirmed absolutely.